# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JAMES ANDREW LOHNES, | |
| Plaintiff, | |
| v. | No. 2:19 CV 330 |
| MAGISTRATE JUDGE JOHN E. MARTIN, | |
| Defendant. | |

## OPINION and ORDER

James Andrew Lohnes, a prisoner without a lawyer, filed a complaint attempting to sue Magistrate Judge John E. Martin because he has ruled against him in a pending civil rights lawsuit. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss this case if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lohnes alleges Judge Martin "placed a 100% lien on plaintiff's trust account" leaving him impoverished when he issued an order in a civil rights case currently pending before this court. *See Lohnes v. Martinez*, 2:18-CV-445-JTM-JEM, case filed November 19, 2018. (DE # 12.) In that order, Judge Martin found that Lohnes had paid

neither the initial partial filing fee, nor 20% of the money deposited into his account for each month during which he received $10 or more, even though his inmate ledgers showed he had the funds to do so. (*Id*.) As a result, Lohnes was ordered to pay 100% of his income until the arrearage he owed of $96.91 was paid off. (*Id*.) Lohnes complains that Judge Martin "continues to allow this plaintiff to live in destitution and will not screen case." (DE # 1 at 2.)[1] He asks that Judge Martin recuse himself from cause number 2:18-CV-445-JTM-JEM and that his inmate account be restored to its original status. (*Id*. at 2–3.)

To the extent Lohnes is seeking monetary damages against Judge Martin, that claim is barred. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Here, it is clear that Judge Martin is entitled to absolute judicial immunity.

Moreover, to the extent that this suit seeks the recusal of Judge Martin and the overturning of an order in a separate pending lawsuit, those requests are frivolous. *See Tolefree v. Cudahy*, 49 F.3d 1243, 1243 (7th Cir. 1995) ("[T]he bringing of a suit against judges is not a proper method of challenging their decisions . . ..").

---

[1] The case has since been screened. *See Lohnes v. Martinez*, 2:18-CV-445-JTM-JEM, case filed November 19, 2018. (DE # 31.)

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: December 9, 2019

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT