UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JAMES ANDREW LOHNES,

    Plaintiff,

    v.                                      No. 2:19 CV 330

MAGISTRATE JUDGE JOHN E. MARTIN,

    Defendant.

**OPINION and ORDER**

    James Andrew Lohnes, a prisoner without a lawyer, filed a motion to reconsider this court's screening and dismissal order. Because the motion was filed within 28 days of dismissal, the court construes it pursuant to Federal Rule of Civil Procedure 59(e). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) and *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "But such motions are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal quotation marks and citation omitted).

    Here, Lohnes has sued Magistrate Judge John E. Martin because he ruled against him in a separate civil rights lawsuit, allegedly leaving him impoverished when he issued

a filing fee arrearage order in that case. (DE # 1 at 2.) *See also Lohnes v. Martinez*, 2:18-CV-445-JTM-JEM, case filed November 19, 2018, DE # 12.[1] He asks that Judge Martin be ordered to recuse himself from cause number 2:18-CV-445-JTM-JEM and that his inmate account be restored to its original status. (DE # 1 at 2–3.)

This court dismissed Lohnes' complaint, noting that: (1) to the extent Lohnes is seeking monetary damages against him, Judge Martin is entitled to absolute judicial immunity;[2] and (2) requesting injunctive relief in the form of forced recusal and the overturning of Judge Martin's order in a separate pending lawsuit is frivolous. (*See* DE # 4 at 2 (citing *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011); *Tolefree v. Cudahy*, 49 F.3d 1243, 1243 (7th Cir. 1995)).) In his motion to reconsider, Lohnes argues that this case was improperly dismissed because he "clearly stated . . . 'petitioner was not treating the complaint as a civil rights complaint under Title 42 U.S.C. section 1983' although the court clearly decided to do so." (DE # 7 at 1.)

The dismissal order did not address the statute or theory of law under which Lohnes purportedly brought his complaint[3] because it was unnecessary for the court to

---

[1] Judge Martin found that Lohnes had paid neither the initial partial filing fee in that case, nor 20% of the money deposited into his account for each month during which he received $10 or more, even though his inmate ledgers showed he had the funds to do so. (DE # 12.) As a result, Lohnes was ordered to pay 100% of his income until the arrearage he owed of $96.91 was paid off. (*Id.* (citing *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998)).)

[2] Lohnes has now confirmed that he is not seeking monetary damages. (DE # 7 at 2.)

[3] The complaint does not indicate what statute or theory of law it is based on; rather, it simply states that "this complaint is not a civil rights complaint under Title 42 U.S.C. section 1983." (DE # 1 at 3.)

do so to resolve the case. Even presuming Lohnes intended to bring a *Bivens* action, the result would be the same. *See generally Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[4] "[T]he rules regarding judicial immunity do not distinguish between lawsuits brought under *Bivens* and 42 U.S.C. § 1983." *Johnson v. McCuskey*, 72 F. App'x 475, 476 (7th Cir. 2003) (citing *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 n.5 (1993)). And, as noted by the court in *Johnson*:

> Congress has since amended § 1983 to provide that injunctive relief shall not be granted in an action brought against a judicial officer for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable. This amendment bars injunctive relief against both state and federal judges because federal courts incorporate § 1983 law into *Bivens* actions. Thus, the amendment to § 1983 limits the type of relief available to plaintiffs who sue judges to declaratory relief.

*Johnson*, 72 F. App'x at 477 (internal quotation marks, ellipsis, and citations omitted); *see also Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). Here, Lohnes is seeking injunctive relief against a federal judge, which is not permitted. *See Johnson*, 72 F. App'x at 477 (affirming dismissal because plaintiff sought injunctive relief, rather than declaratory relief in the "true and legal sense," against a federal judge who ruled against him in a separate civil rights lawsuit). Thus, it was not in error to dismiss this case as frivolous.

For these reasons, the motion to reconsider (DE # 7) is **DENIED**.

**SO ORDERED.**

Date: January 16, 2020

    s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[4] *But see also Ziglar v. Abbasi*, --- U.S. ----, 137 S.Ct. 1843, 198 L.Ed.2d 290 (2017) (urging courts to exercise caution in extending *Bivens* remedy in new contexts).

3